### George P. Richardson *et al. versus* Elisha Whiting *et al.* and Trustees.

The shipper of goods on board a coasting vessel, is not liable, under the trustee process, to a creditor of the master, for the amount of the freight, it appearing, that the master had no claim against the owners of the vessel, for his services, or otherwise.

By the answer of John Bartlett, one of the trustees, it ap peared, that he had shipped goods at various times before the date of the writ, on board a vessel engaged in the coasting business between Boston and Plymouth, and owned by divers persons in Plymouth, of which the defendant, Whiting, was master, but not otherwise interested therein ; that the respondent was indebted, on account of the freight of such goods, in a sum not exceeding $ 25 ; that the owners claimed of the respondent whatever might be due on account of such freight, he being given to understand that they were not indebted to the defendants, or either of them, on account of the services of Whiting, when the writ was served, but that Whiting was indebted to them to the amount of all outstanding dues for freight ; that the master never signed any bill of lading in any transaction with the respondent, according to his recollection ; and that he had made a settlement with the master once a year, and paid over the freight to him.

*Oct. 26th.* *W. Thomas*, for the trustees, cited *Smith* v. *Plummer*, 1 Barn. & Ald. 576 ; *Fisher* v. *Willing*, 8 Serg. & R. 118 ; *Ship Grand Turk*, 1 Paine, 73 ; *Ship Packet*, 3 Mason, 255 ; *Van Bokkelin* v. *Ingersoll*, 5 Wendell, 315 ; 3 Kent's Comm. 131 ; *Loring* v. *Penniman*, 4 Mass. R. 91.

*Beal*, for the plaintiffs, cited *Lewis* v. *Hancock*, 11 Mass. R. 72 ; *Milward* v. *Hallett*, 2 Caines's R. 77 ; *Hodgson* v. *Butts*, 3 Cranch, 140 ; *Lyle* v. *Barker*, 5 Binney, 457.

Putnam J. afterward drew up the opinion of the Court. We understand from the answer of the party summoned as trustee, that the master has no claim against the owners for his services, or otherwise, and that the owners themselves have demanded and claim to receive the money due from the freighters.

The plaintiffs rest their cause on the case of *Lewis* v. *Hancock*, 11 Mass. R. 72. In that case the consignees had paid the freight to the agent of the owners, taking their contract of indemnity to repay, if it should appear that they could not legally receive it. The plaintiff's counsel contended, that the master had a lien upon the freight, for his own and mariners' wages, and for repairs. The Court held, that the owners should repay the money. But the case does not state the amount of the master's claim, nor in what it consisted. The opinion proceeds, we think, upon the assumption, that the payment to the owners was in violation of some rights or lien of the master in or upon the money. C. J. *Sewall* said : " He (the master) may be understood, as against the owner himself, to have the same right in the freight money, which a factor or consignee has in the goods of the principal or consignor, for whom money has been advanced, or any liabilities incurred in consequence of the employment or consignment." Be it so, for the sake of the argument. But suppose the factor has been paid for all his services and advancements, what right has he, more than a stranger, to withhold the property of the principal? The case cited surely does not decide that he would have any. If one should purchase goods of a factor, and the principal should demand the money himself, and give notice to the purchaser not to pay to the factor, at the same time informing him that the factor had no lien upon the property, the buyer would not be justified in paying the factor, unless he could prove that the factor had a lawful lien upon the property to the extent of the sum so paid. The reason is, that the sale of the factor operates to create a contract between the principal and the purchaser, as well as between the factor and the purchaser. And the principal may interfere to protect his interest when he thinks it expedient. Such interference, however, is always made subject to all existing legal rights of the factor. If the buyer should, notwithstanding such notice on the part of the principal, pay the factor, the buyer would be protected so far only as the liens of the factor extended.

So in the case at bar, the agreement of the master operated to make or create a contract between the owners and the freighters, as well as between the· master and the freighters.

Richardson
*v.*
Whiting
and Trs.

The master is the mere agent of the owners, removable at pleasure. He contracts on the personal responsibility of the owners, and has no remedy for his wages, as mariners have, against the ship. But inasmuch as he may hypothecate the ship, and the freight, and the cargo, for necessaries in a foreign port, it has been held in Massachusetts and New York, contrary to the English decisions, that he has a lien upon the freight for necessary disbursements and expenses. And the able judge of the United States court of this district, has extended the claim also to his wages. See a very good note upon this subject in 3 Kent's Comm. (3d ed.) 167. But with the question, for what matters or claims the master may have a lien on the freight, we have, in the case at bar, no concern ; for the master has been fully paid by the owners. They may, therefore, compel the payment of freight to themselves. The master, under these circumstances, has no more right to the freight money than he has to the ship. Both belong to the owners. And if there were any technical difficulty in the way of an action to be brought in the name of the owners, (which we do not perceive,) they would be permitted to sue in the name of the master, and recover for their own use. 3 Kent's Comm. (3d ed.) 138.

The opinion of the whole Court is, that the trustee be discharged.